# Missouri Protection & Advocacy Services
*A Public Interest Law Firm Since 1977*

2000 Innerbelt Business Center Drive
Overland, MO 63114-5764
phone: (314) 785-1702 or toll free (800) 233-3958
fax: (314) 785-1707
email: mopasstl@mo-pa.org
website: www.moadvocacy.org

TDD users call Relay Missouri at (800) 735-2966

Susan K. Eckles, Managing Attorney
Lisa M. Sutherland, Staff Attorney III
Amanda D. Anthony, Staff Attorney II
Karin A. C. Spradlin, Staff Attorney II
Michelle R. Albano, Staff Attorney II

Shawn T. de Loyola
Executive Director
Daniel Cayou, Esq.
Director of Advocacy Services
Betty K. Farley
Director of Advocacy Administration

Funding for Programs Provided by:
Administration on Developmental Disabilities
Health Resources & Services Administration
Rehabilitation Services Administration
Center for Mental Health Services
Social Security Administration

**Board of Directors**
Susan Pritchard-Green
Chair
Jefferson City

Sharon Williams, Esq.
Vice Chair
Lee's Summit

Tom Pirmantgen, Esq.
Secretary/Treasurer
PAIMI Advisory Council Chair
New Bloomfield

Larry Daniels
Florissant

Barbara French
Beulah

Beryl Gratts
Ozark

Katharine Kinder
Boonville

Gloria McGill
St. Louis

Jason Mize
Columbia

Joe Wrinkle
Independence

**PAIMI Advisory Council**
Tom Pirmantgen, Esq.
Chair
New Bloomfield

Jenise Woolf
Vice-Chair
St. Louis

Larry Daniels
Florissant

Beryl Gratts
Ozark

Brad Hutchison
Jefferson City

Katharine Kinder
Boonville

Jacqueline Lukitsch
St. Louis

Charlotte Molen
St. Louis

April 1, 2015

*Via Fax 573-875-1450 and Certified Mail (7012 3050 0000 9460 2654)*

Dr. Kerwin Urhahn
MSHSAA Executive Director
1 N. Keene St.
Columbia, MO 65201-6645

Dear Dr. Urhahn,

I am writing in response to your letter dated March 13, 2015, regarding proposed MSHSAA rule modifications for para-athletes. As stated in our previous letter, Missouri Protection and Advocacy Services is representing Mr. Jim Ladlie and his daughter, ▆▆▆▆.

In a Dear Colleague letter dated January 25, 2013, the United States Department of Education Office for Civil Rights set forth clarifications regarding schools' responsibilities under Section 504 of the Rehabilitation Act of 1973 (Section 504). Under Section 504, school districts are required to provide opportunities to qualified students with disabilities equal to those of students without disabilities. The letter stated that where an athletic association is covered by Section 504, OCR would find that the school district's obligations would apply with equal force to the covered athletic association. A school district [and athletic association] must afford qualified students with disabilities an equal opportunity for participation in extracurricular athletics in an integrated manner to the maximum extent appropriate to the needs of the student. (Citing 34 C.F.R § 104.37(a), (c)). The provision of *unnecessarily* separate or different services is discriminatory. (Emphasis in original). Currently, ▆▆▆ Ladlie is not guaranteed the opportunity to race in regular season track and field meets, and if she is allowed to race, she is often placed in a heat by herself rather than with able-bodied athletes. Further, she is not allowed to earn points for her team or to qualify for District or State Championship meets. The current rules separate ▆▆▆ unnecessarily from other athletes, and the races are not integrated as required by Section 504.

The Dear Colleague letter specifically states that a school district [or athletic association] may not operate its program or activity on the basis of generalizations, assumptions, prejudices, or stereotypes about disabilities. Equal opportunity for participation means "making reasonable modifications and providing necessary aids and services... and if a modification is necessary, it <u>must</u> be allowed unless doing so would constitute a fundamental alteration of the nature of the extracurricular activity." (Emphasis added). Fundamental alterations may occur if the modification alters such an essential aspect of the

Dr. Urhahn
April 1, 2015
Page 2 of 3

activity or game that it would be unacceptable even if it affected all competitors equally, but even if a specific modification would constitute a fundamental alteration, the school district [or athletic association] would still be required to determine if other modifications might be available that would permit the student's participation. The proposed modifications to current MSHSAA rules, attached as Exhibit B in our previous letter, do not constitute a fundamental alteration of the track and field program. Allowing para-athletes to participate in events similar to their able-bodied peers does not alter an essential aspect of the activity; rather, it allows for an equal opportunity to participate in an integrated manner. Further, the Dear Colleague letter states that "although a school district may raise the defense that a needed modification... would constitute an undue burden to its program... such a defense would rarely, if ever, prevail in the context of extracurricular activities."

The Dear Colleague letter also addresses safety standards. Bona fide safety standards may be adopted, but a school district must consider whether safe participation by any particular student with a disability can be assured through reasonable modifications or the provision of aids and services. (Citing 34 C.F.R § 104.4(b)(1)). Your letter states that considering safety concerns is appropriate, however, it is unclear what safety concerns are being considered. Further, 28 C.F.R. § 35.130(h) states that a public entity must ensure that its safety requirements are based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities.

In the United States Department of Education Office for Civil Rights guidance letter dated December 16, 2013, referenced in your letter, OCR reiterated that students with disabilities must be provided with equal access to existing extracurricular athletic activities. The guidance states that while school districts are not required to create separate activities just for students with disabilities, school districts "must not exclude a student with a disability based on stereotypes and assumptions about the student or about students with disabilities; rather, the school districts must consider each student, individually," to meet its obligations under 34 C.F.R. §104.37. Furthermore, the guidance urges schools to create additional opportunities for students, which could include separate or different activities from those already provided, but are not required to do so for students with disabilities who *cannot participate* in the school district's existing extracurricular athletics program, *even with reasonable modifications or aids and services*. (Emphasis added). However, this provision would not apply to ▆▆▆ as she can participate in the track and field athletics program, but she is not always permitted to do so. Additionally, while there is already an initiative launched by MSHSAA to evaluate creating new track and field opportunities for member schools, the two-year evaluation period will not provide ▆▆▆ with equal access to athletic activities, as she is already in her junior year at Troy-Buchanan High School.

Dr. Urhahn
April 1, 2015
Page 3 of 3

Therefore, Jim and ▓▓▓ Ladlie, and myself, will attend the next Board of Directors (Board) Meeting on April 10, 2015, to present public comment. We appreciate the invitation and the opportunity. Please contact me at (314) 785-1702 (x228) by the end of this week to confirm the location and time. I would also appreciate some guidance from you or the Board on what information you and they believe would be useful in allowing this matter to be resolved so that ▓▓▓ can fully compete in this upcoming track and field season. Again, although the parties are willing to litigate, they hope to resolve this issue efficiently and amicably.

Thank you for your time and attention to this matter.

Respectfully,

*Amanda Anthony*
Amanda D. Anthony
Staff Attorney II

KR

Cc: MSHSAA Board of Directors President Ken Eaton (Fax: 660-442-3154 and Certified Mail 7012 0305 0000 2661)
▓▓▓ c/o Jim Ladlie