## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **K. L., by and through her next friend,** | ) | |
| **JIM LADLIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No: 4:15CV679 HEA** |
| | ) | |
| **MISSOURI STATE HIGH SCHOOL** | ) | |
| **ACTIVITIES ASSOCIATION, BOARD OF** | ) | |
| **DIRECTORS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 15]. Plaintiff opposes the motion, and on August 26, 2015, the Court held a hearing on the motion. For the reasons set forth below, the motion is granted.

### Introduction

Plaintiff filed this action against Defendant alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA) and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* Essentially, Plaintiff claims that Defendant has failed to accommodate her disability by failing to modify its track and field program to allow para-athletes to compete with other

para-athletes, these athletes being eligible for regular season, district and state

championship meets, and each para-athlete would earn team and individual points.

## Facts and Background[1]

Plaintiff's Complaint alleges the following facts and background:

Plaintiff is a high school para-athlete and member of her high school's track

and field team.  Defendant refused to guarantee Plaintiff the opportunity to

compete for her high school during regular season track meets, refused to

accommodate Plaintiff by modifying its scoring system so that Plaintiff could earn

points for her team, and further refused to accommodate Plaintiff by denying her

the opportunity to compete at the Missouri State Championships and its pre-

qualifying meets.

Plaintiff uses a racing chair to race in the 100m, 200m and 400m events.

She is required to complete her races alone and the opposing team has to consent to

Plaintiff participating in the events.  Plaintiff is not allowed to earn points for her

team.

Plaintiff has proposed a modification of Defendant's track and field program

wherein she alleges she would be able to compete at every level of competition

without unfairly disadvantaging schools without para-athletes.

---

[1] The recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of the
pending motion to dismiss.  The recitation does not relieve any party of the necessary proof of
any stated fact in future proceedings.

Defendant moves to dismiss the Complaint for failure to state a cause of action.  Defendant contends that Plaintiff's modification of the program would require it to fundamentally alter the nature of the program.

## Discussion

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001) *quoting Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.,* 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id*. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.,* 599 F.3d 856,

861 (8th Cir.2010)(*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir.2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly,* 550 U.S. at 555. (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.,* 406 F.3d 1052, 1062 (8th Cir.2005) *citing Schaller Tel. Co. v. Golden Sky Systems,* 298 F.3d 736, 740 (8th Cir.2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may

4

not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. *Twombly,* 550 U.S. at 556; *Neitzke v. Williams,* 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir. 2008). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)(*quoting Twombly,* 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.* With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

### *ADA and Rehabilitation Act—failure to accommodate*

Plaintiff alleges that the defendant has failed to provide her with reasonable accommodations for her disability in violation of Title II of the ADA and the

Rehabilitation Act. Title II of the ADA prohibits discrimination by governmental entities in the operation of public services, programs, and activities. The Rehabilitation Act is similar to the ADA in so far it requires that institutions that receive federal funding, provide an "otherwise qualified handicapped individual" with "meaningful access" to the benefit that the grantee provides.

Although both the ADA and the Rehabilitation Act have "Accommodations" mandates, neither require institutions to provide all requested auxiliary aids and services.

The Court notes that Plaintiff is not requesting modifications to accommodate her in head to head competition against non-disabled students in existing state-wide track events currently provided by Defendant.  Rather, Plaintiff is requesting the Court to order Defendants to create new statewide regular and post season championship racing chair competition that does not currently exist between para-athletes solely, and to have points earned scored against other teams with and without para-athletes under the extensive and substantial rule modifications contained in Plaintiff's exhibit D.  These modifications would require Defendant to create and mandate six new statewide events for para-athletes to compete with racing wheelchairs between para-athletes including 100 and 200m dashes, 400 and 800m runs, discus and shot put; create and mandate new statewide specifications for all racing chair equipment; create and mandate a statewide order

6

of events and safety precautions for competitors; create and mandate new statewide qualifying time standards to advance para-athletes; create and mandate statewide a new individual and meet scoring system based on participation; create and mandate statewide a new protocol to recognize teams with para-athletes as "Co-Champions;" mandate new statewide rules requiring that competition between para-athletes in State Championship Finals for all classes occur on the same day when the Finals for Classes 1-2 and Classes 3-4-5 are currently held on successive weekends in May; and make other alterations described in Exhibit D. Additionally, Plaintiff is seeking individual relief that on the face of her Complaint would give her an unequal and preferential treatment to "compete at every level of competition," compared to other students with or without disabilities.

Plaintiff's requested accommodations are "unreasonable" as a matter of law because they demand that Defendant materially and fundamentally alter the nature of its track and field program. Simply put, Plaintiff is requesting Defendant to change the current program to include, add and encompass events, precautions and rules which do not currently exist in the program.  Since the requested accommodations are unreasonable as a matter of law, plaintiff is not "otherwise qualified" as required by the ADA and/or the Rehabilitation Act to bring this action.

**Conclusion**

Defendant's motion is well taken.  The motion to dismiss will be granted.  At this stage of the litigation, the Court is of the opinion that Plaintiff should be given the opportunity to amend her Complaint to state a plausible claim which would entitle her to relief, if proven.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 15] is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 20th day of October, 2015.


_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE